UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

POWER AUTHORITY OF THE STATE OF
NEW YORK,

        *Plaintiff*,

        -*against*-

The Tug M/V ELLEN S. BOUCHARD, and
the Barge B. NO 280, their engines, apparel,
tackle, boats, appurtenances, etc., *in rem*, and
BOUCHARD TRANSPORTATION CO.,
INC., MOTOR TUG ELLEN S.
BOUCHARD, INC. and B. NO. 280 CORP.,
*in personam*,

        *Defendants*.

-----------------------------------------------------------X

14 Civ. 4462 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

The Power Authority of New York ("NYPA") moves for reconsideration of part of the Court's March 27, 2019 Opinion & Order, Dkt. 120 (the "Order"), which granted summary judgment in favor of Defendants, dismissed NYPA's claim under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701 *et seq.*, and directed NYPA to pursue its New York Oil Spill Law ("NYOSL"), N.Y. Nav. Law §§ 170 *et seq.*, claim in the related proceeding ("the Limitation Proceeding"), 14-cv-1262, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30505 and 30511 (the "Limitation Act"). Familiarity with the underlying facts and the cross motions for summary judgment is assumed. NYPA's motion is DENIED.

I. **Legal Standard**

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories [or] securing a rehearing on the merits." *Id.* The decision to grant or deny a motion for reconsideration is left "to the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation omitted); *see also City of Birmingham Ret. & Relief Sys. v. Credit Suisse Grp. AG*, No. 17 CIV. 10014 (LGS), 2019 WL 2136902, at *1 (S.D.N.Y. May 16, 2019).

## II. Analysis

NYPA asks the Court to reconsider the section of the Order which declined to preempt the Limitation Act and ordered NYPA to pursue its NYOSL claim in the Limitation Proceeding. In NYPA's view, reconsideration is warranted because the Court's holding constituted a clear error of law, and because in reaching its holding, the Court relied on inapplicable precedent. For the first time on Reply, NYPA trots out a new argument that the Court overlooked legislative history which, in its view, "provides incontrovertible support for NYPA's argument that the Order should be corrected on reconsideration." NYPA Reply, Dkt 126, at 4.

NYPA relies on two cases, *United States v. Locke*, 529 U.S. 89 (2000) and *In re Bluewater Network & Ocean Advocates*, 234 F.3d 1305 (D.C. Cir. 2000), to argue that this Court's ruling constitutes a clear error of law. Neither supports reconsideration. With regard to *Locke*, the Court already considered *Locke*, including the express language to which NYPA points, in its Order. *See* Order at 14. The issue presented in *Locke* is not the issue presented here, and after considering

2

*Locke* in its entirety, the Court declined to construe a few isolated sentences from *Locke* as standing for the position NYPA advocated. NYPA may disagree with the Court's interpretation, but that is not a proper ground for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Turning to *Bluewater*, NYPA believes this case "ruled squarely on point." NYPA Mem., Dkt. 123, at 7. Notably, NYPA did not raise this case in its summary judgment motion.[1] *See Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) ("A party may not advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration."). *Bluewater* is also not controlling on this Court, and addresses Section 1017(a) of OPA, which is not at issue here.

NYPA's argument that this Court relied on inapplicable precedent is also without merit. The Court agrees that *In re Supreme Towing Co.*, 07-cv-9231, 2010 WL 11561150 (E.D.La. Aug. 12, 2010) and *In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014) are distinguishable from the present case. Indeed, this is plainly stated in the Order:

> *While lower courts have not squarely addressed this issue*, courts considering either OPA's savings clause provision or its relationship to the Limitation Act *generally*, pursuant to 33 U.S.C. §2702, have similarly concluded that OPA's preemption does not exceed the scope of relief available under OPA. *See Matter of Complaint of Supreme Towing Co., Inc.*, No. CV 07-9231, 2010 WL 11561150, at *15 (E.D.La. Aug. 12, 2010) ("The scope of OPA preemption, as has been recognized repeatedly by federal courts, is limited to damages that are actually available under the OPA"); *see also In re DEEPWATER HORIZON*, 745 F.3d 157, 173 (5th Cir. 2014) ("The savings provision does not apply beyond the OPA itself and two other laws.")

Order at 14-15 (emphasis added). These cases offer some guidance on the scope of 33 U.S.C. §

---

[1] *See generally* NYPA Opp. Mem. As stated at Dkts. 103-104, NYPA's opposition was submitted only to Chambers pursuant to a protective order.

3

2718 but are hardly controlling authority on the issue presented.

Finally, NYPA's argument that this Court overlooked OPA's legislative history is also rejected. Courts typically decline to consider arguments raised for the first time on Reply,[2] and here again, NYPA improperly cites to portions of OPA's legislative history never referenced in its summary judgment papers. And furthermore, the legislative history NYPA relies on is not in conflict with the Court's ruling. The Court recognized that OPA's savings provision constitutes "an express preemption of the Limitation Act for state oil claims that fall within its purview," Order at 13, and that "OPA's drafters clearly intended that OPA would provide the floor, not the ceiling, on the potential scope of liability imposed on the liable actors whose conduct falls within its purview—states are free to add on." *Id.* at 14. Notwithstanding this observation, the Court declined to extend OPA's preemption of the Limitation Act to conduct that itself does not fall under OPA. NYPA's added references to legislative history do not contradict that ultimate conclusion.

## **CONCLUSION**

NYPA's motion for reconsideration is DENIED. The Clerk of the Court is instructed to close the motion at Dkt. 122.

Dated: New York, New York
June 1, 2019

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

---

[2] *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009), *aff'd*, 374 F. App'x 71 (2d Cir. 2010)